IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONES LANG LASALLE AMERICAS, INC., a Maryland corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>DARREN SHIBUYA, an individual,<br><br>　　　　　　　　Defendant. | Case No. 1:24-cv-02726 |

## COMPLAINT

Plaintiff Jones Lang LaSalle Americas, Inc. ("JLL") brings this breach of promissory note action against Defendant Darren Shibuya ("Defendant") and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action by JLL, as the holder of a Promissory Note, seeking, *inter alia*, to recover monies due and owing to it as a result of Defendant's default under the terms of that Promissory Note. As of the date of filing this Complaint, the total amount that Defendant owes on that Promissory Note, exclusive of default interest, attorneys' fees, and costs, is $244,127.00.

## THE PARTIES

2. Plaintiff JLL is a Maryland corporation with its corporate headquarters and principal place of business at 200 East Randolph Drive, Chicago, Illinois 60601. JLL is thus a citizen of Maryland and Illinois.

3. Upon information and belief, Defendant Darren Shibuya is an individual residing within the County of Los Angeles in the State of California. Defendant is thus a citizen of California.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between JLL and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1332(b)(2), because a substantial part of the events giving rise to the claim occurred in this district.

6. Furthermore, jurisdiction and venue are proper in this District because Defendant consented to the jurisdiction of the state or federal courts in Chicago, Illinois. *See* Exhibit 2, Section 6.

**GENERAL ALLEGATIONS**

7. On or about July 15, 2015, JLL and Defendant entered into an Independent Contractor Agreement (the "Agreement"), pursuant to which JLL retained Defendant's services as an independent contractor. A true and correct copy of the parties' Independent Contractor Agreement is attached hereto as Exhibit 1 and is incorporated herein by reference. The Agreement sets forth that JLL was to provide Defendant with a forgivable loan in the amount of six hundred thousand dollars ($600,000.00), pursuant to the terms of a separate promissory note. *See* Exhibit 1, Exhibit A, p. 7.

8. On or about July 15, 2015, for valuable consideration, Defendant executed and delivered to JLL a Promissory Note (the "Promissory Note"), whereby Defendant promised to pay JLL the sum of six hundred thousand dollars ($600,000.00). A true and correct copy of the Promissory Note is attached hereto as Exhibit 2 and is incorporated herein by reference.

9. Per the Promissory Note's terms, Defendant borrowed a business loan in the principal sum of six hundred thousand dollars ($600,000.00) (the "Debt," as also defined and used in the Promissory Note). *See* Exhibit 2, Section 1.

10. The Promissory Note at Section 1 provides that interest "shall accrue (based on a 365/366 day year) from the date [Defendant] makes the payment to [JLL] on the balance of the Debt at the IRS required minimum rate for employee loans. Such interest to be calculated annually and added to the unpaid principal then outstanding." *See* Exhibit 2, Section 1. The Promissory Note further provides that any portion of the principal amount and accrued interest that is not paid when due shall bear interest at a rate of ten percent (10%) per annum. *Id.*

11. The Promissory Note set forth that Defendant's Debt may be forgiven at specified rates per dollar of revenue credit attributable to Defendant in calendar years 2015 through 2022. *See* Exhibit 2, Section 2. The Promissory Note also set forth that Defendant's Debt may be forgiven if JLL terminates Defendant without cause under the Agreement before the loan is forgiven in its entirety. *See* Exhibit 2, Section 2. The Promissory Note's terms do not permit forgiveness of Defendant's Debt under any other circumstances. *See* Exhibit 2 *generally*.

12. The Promissory Note matured on December 31, 2022. *See* Exhibit 2, Section 2.

13. On or about January 1, 2023, Defendant executed and delivered to JLL a First Amendment to the Promissory Note, whereby the maturity date of the Promissory Note was extended to June 30, 2026. A true and correct copy of the First Amendment to the Promissory Note is attached hereto as Exhibit 3 and is incorporated herein by reference. The remainder of the terms of the Promissory Note remained unchanged. *See id*.

14. On or about August 29, 2023, Defendant resigned from JLL. The remaining balance of Defendant's Debt became due upon that date.

15. As of April 1, 2024, exclusive of due and unpaid interest, the outstanding principal amount of Defendant's Debt due under the Promissory Note, as amended, was $244,127.00.

16. Defendant is currently in default of the Promissory Note as amended.

17. Between December 31, 2023, and April 1, 2024, the outstanding principal amount of Defendant's Debt has accrued interest in the amount of $6,153.34, pursuant to the terms of the Promissory Note.

18. Defendant's current outstanding balance owed to JLL is therefore $250,280.34.

19. As agreed to by the parties and set forth in the Promissory Note, the Promissory Note is governed by the laws of the State of Illinois, and any action for enforcement of the Promissory Note must be initiated in the state or federal courts located in Chicago, Illinois. *See* Exhibit 2, Section 6.

20. Pursuant to the Promissory Note, Defendant agreed to pay all out-of-pocket costs and expenses of JLL, including the reasonable legal fees and out-of-pocket expenses of counsel, incurred in connection with the enforcement of the Promissory Note. *See* Exhibit 2, Section 2.

21. JLL has incurred attorneys' fees and costs in connection with this action and necessitated by Defendant's default.

## CLAIMS FOR RELIEF

### COUNT I
### Breach of Promissory Note

22. JLL re-alleges and incorporates by reference into this cause of action each and every allegation set forth in Paragraphs 1 through 21.

23. On or about July 15, 2015, JLL and Defendant entered into a valid and enforceable Promissory Note.

24. JLL performed all of its obligations and conditions under the Promissory Note.

25. Defendant failed to timely pay all sums due under the Promissory Note upon demand, and Defendant is now in default.

26. Prior to commencement of this action, on or about October 27, 2023, JLL notified Defendant of his default under the Promissory Note and demanded the payment of all sums due under the Note. *See* correspondence attached hereto as Exhibit 4. Defendant has not made the payments as required under the Promissory Note, and remains in default.

27. After applying all payments and credits to which Defendant is entitled under the Promissory Note, Defendant owes an unpaid principal balance in the amount of $244,127.00, plus interest in the amount of $6,153.34, which continues to accrue pursuant to the terms of the Promissory Note.

28. The Promissory Note that is the subject matter of this lawsuit provides for the recovery of reasonable attorneys' fees and costs of collection to enforce the obligation. Due to Defendant's default as set forth above, it has been necessary for JLL to retain counsel to file and prosecute this action. JLL is therefore entitled to recover its attorneys' fees and collection costs under the Promissory Note.

29. JLL has incurred, and continues to incur, costs and expenses, including attorneys' fees and expenses, in collecting the sum due under the Promissory Note, for which Defendant is liable.

30. As a direct and proximate cause of the breach and default under the conditions, covenants, terms, and provisions of the Promissory Note, JLL seeks all amounts due under the Promissory Note and as allowed by law.

## **REQUEST FOR RELIEF**

WHEREFORE, JLL requests that judgment be entered against Defendant Darren Shibuya and that JLL be awarded the following relief:

A. Judgment in the principal sum of $244,127.00, plus interest that has accrued as of April 1, 2024 in the amount of $6,153.34, plus all applicable interest under the terms of the Promissory Note and/or applicable law;

B. Attorneys' fees and other costs of collection;

C. Costs of court; and

D. Such other relief as this Court deems just and proper.

Dated: April 4, 2024

Respectfully submitted,

**JONES LANG LASALLE AMERICAS, INC.**

By: /s/ *Riley C. Mendoza*
    One of Its Attorneys

Riley C. Mendoza
**SHOOK, HARDY & BACON L.L.P.**
111 S. Wacker Drive, Suite 4700
Chicago, IL 60606
(312) 704-7700
rmendoza@shb.com

Melina Manetti (*pro hac vice forthcoming*)
**SHOOK, HARDY & BACON L.L.P.**
555 Mission Street, Suite 2300
San Francisco, CA 94105
(415) 544-1900
mmanetti@shb.com

***Attorneys for Plaintiff Jones Lang LaSalle Americas, Inc.***